UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAMGOD J. THOMPSON,

                                    **ORDER**
            Petitioner,         **No. 06-CV-0254**

   -vs-

 ARTUS,

            Respondent.
_____

     Before the Court is an application by *pro se* petitioner Shamgod J. Thompson ("Thompson") for discovery and an evidentiary hearing. *See* Docket Nos. 25, 26 & 28).[1] Respondent has opposed Thompson's request for discovery and a hearing. *See* Docket Nos. 22 & 23.

     "[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904; *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003); *see also Harris v. Nelson*, 394 U.S. 286, 295 (1969) (concluding that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy*, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the petitioner has set forth specific allegations that provide "reason to believe that the petitioner may, if the

---

[1]    Docket Nos. 25 and 26 appear to be identical documents.

-1-

facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. at 299).

Thompson seeks unspecified discovery "pertaining to two unscrupulous material witness [sic] in a wholly circumstantial case," namely, Kevin Hobbs and Robert Johnson. Pet'r Resp. (Docket No. 25). Hobbs identified Thompson in two photographic arrays prior to trial but gave conflicting stories to police about the burglary and subsequently failed to identify Thompson at trial. *See* Resp't Decl. ¶3 (Docket No. 23). Thompson contends that this establishes that the police and the prosecutor committed misconduct. *See*, *e.g.*, Pet'r Mem. (Docket No. 22). Thompson does not provide further particulars regarding Johnson or why discovery with regard to him is necessary.

Respondent argues that evidence of Hobbs' reluctance to become involved was placed before the jury, and identification evidence linking Thompson to the home-invasion of the victim was substantial. Resp't Decl. ¶3 (Docket No. 23). Therefore, respondent argues, Thompson seeks discovery as to events that would not support his request for habeas relief. *Id.* (Docket No. 23). The Court has reviewed Thompson's submissions regarding his discovery request and finds that Thompson has made nothing more than "[g]eneralized statements about the possible existence of discovery material" which "are insufficient to constitute 'good cause.'" *Gonzalez v. Bennett*, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001) (citing *Green v. Artuz*, 990 F. Supp. 267, 271 (1998)). As respondent argues, "petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition." *Id.* (citing *Charles v. Artuz*, 21 F. Supp.2d 168, 170 (E.D.N.Y. 1988)); *accord*, *e.g.*, *Ruine v. Walsh*, No. 00-CV-3798(RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005). Therefore, it would not be an appropriate exercise of

discretion to grant Thompson's discovery request as to either Hobbs or Johnson, *id.*, assuming that the Court were able to discern which items of discovery Thompson actually is seeking. In short, the Court should not sanction Thompson's attempt to embark on a fishing expedition.

Furthermore, under any standard, Thompson has not demonstrated that further fact-finding on his habeas claims is necessary to warrant an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (AEDPA standard for granting evidentiary hearing); *Townsend v. Sain*, 372 U.S. 293, 312 (1963) (pre-AEDPA standard for granting evidentiary hearing); accord, e.g., *Ruine v. Walsh*, 2005 WL 1668855, at *2-3.

Accordingly, for the foregoing reasons and those stated in respondent's opposition, Thompson's request for discovery is **DENIED**. Thompson's request for an evidentiary hearing is also **DENIED**.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
September 6, 2007.