UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAMGOD J. THOMPSON,

              **DECISION AND ORDER**
     Petitioner,        **No. 06-CV-0254(RJA)(VEB)**

 -vs-

ARTUS,

     Respondent.
_____

  *Pro se* petitioner Shamgod J. Thompson ("Thompson") has moved this Court for reconsideration of its Order denying his request for discovery. *See* Docket No. 35. In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements. *E.g.*, *In re C-TC 9 Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (cited in *Graziano v. Lape*, No. 904CV0084LEKGJD, 2005 WL 1176567, *1 (N.D.N.Y. May 4, 2005) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition to add an additional claim)). Rulings on motions for reconsideration are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Generally, the courts recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (citing in turn *McLaughlin v. New York*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1.

  Although Thompson has failed to specify the grounds upon which he brings the present

motion, it is clear that the first two grounds for reconsideration are inapplicable to the matter at hand; there were no intervening changes in the law, nor is there new evidence not previously available. That leaves the Court with only the third ground, pursuant to which Thompson must demonstrate a need to correct a clear error of law or prevent manifest injustice. This he has failed to do. Thompson has merely repeated the arguments set forth in support of his initial request for discovery. The Court adheres to its original ruling that Thompson is unable to demonstrate "good cause" for permitting him access to the processes of discovery available under the Federal Rules of Civil Procedure. *See* Rule 6(a) of the Rules Governing § 2254 Cases. Neither in his original motion for discovery nor in the instant motion for reconsideration has Thompson forth specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed [through the discovery procedure], be able to demonstrate that he is . . . entitled to [habeas] relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).

    Because Thompson has not met the stringent requirements of showing that reconsideration of the motion denying him discovery is warranted, his pending motion (Docket No. 35) is **DENIED with prejudice.**

    IT IS SO ORDERED.

    /s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   September 12, 2008
               Buffalo, New York**.**