UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAMGOD J. THOMPSON,

        Petitioner,

                **DECISION AND ORDER**
                06-CV-254A

  v.

DALE ARTUS,

        Respondent.

   This case was referred to Magistrate Judge Victor E. Bianchini, pursuant to 28 U.S.C. § 636(b)(1). On April 14, 2006, petitioner filed a petition for a writ of habeas corpus (Dkt. No. 1). On April 14, 2010, petitioner filed a second motion to amend his petition (Dkt. No. 44). On May 3, 2010, petitioner filed a motion to expand the record (Dkt. No. 46). On January 4, 2011, Magistrate Judge Bianchini filed a thorough Report and Recommendation (Dkt. No. 50), recommending that the original petition for a writ of habeas corpus be dismissed and that the motions to amend the petition and to expand the record be denied.

   Petitioner filed objections to the Report and Recommendation on January 21 and February 17, 2011.[1] Respondent did not respond to petitioner's

---

[1] Petitioner also filed a proposed amended petition on February 17, 2011. Even putting aside that petitioner did not seek prior leave to amend, the arguments in the proposed amended petition are sufficiently similar to the original petition that amendment would be futile and that no analysis is necessary beyond

objections, deciding instead to rely on his prior papers in opposition to the petition. The Court deemed the matter submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, and for the reasons set forth in Magistrate Judge Bianchini's Report and Recommendation, petitioner's petition for a writ of habeas corpus is dismissed; petitioner's motions to amend and to expand the record are denied.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within

---

what appears in the Report and Recommendation.

thirty (30) days of the entry of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 23, 2011